# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SUSAN M. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-300-SM** |
| | ) | |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Susan M. Smith (Plaintiff), appearing pro se, brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). *See* Docs. 17, 21.

After careful review of the record (AR), the parties' filings,[1] and the relevant authority, the court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g).

---

[1] Citations to court orders and the parties' filings are to the electronic case filing designations and pagination; citations to the transcript of the administrative record (AR) are to the sequentially numbered pages.

# I.    Administrative determination.

## A.    Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. § 423(d)(1)(A).   "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just h[er] underlying impairment."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

## B.    Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in his prior work activity."  *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.   *See id.*

## C.    Relevant findings.

### 1.    Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe.[2]  AR 15-27; *see* 20 C.F.R. § 404.1520(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process).  The ALJ determined that from July 31, 2005, the date of Plaintiff's alleged onset of

---

[2]    The ALJ also provided the following procedural history:

On February 16, 2018, the claimant protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning July 31, 2005. The claim was denied initially on May 24, 2018, and upon reconsideration on July 20, 2018. Thereafter, the claimant filed a written request for hearing on September 26, 2018 (20 CFR 404.929 *et seq.).* The claimant appeared and testified at a hearing held on February 14, 2019, in Lawton, OK. Jennifer L. Sullivan, an impartial vocational expert, also appeared at the hearing. Although informed of the right to representation, the claimant chose to appear and testify without the assistance of an attorney or other representative.

The claimant submitted or informed the Administrative Law Judge about all written evidence at least five business days before the date of the claimant's scheduled hearing (20 CFR 404.935(a)).

AR 13.

disability, through December 31, 2010, the date she last met the insured status requirements of the Social Security Act, Plaintiff:

(1)     had not engaged in substantial gainful activity;

(2)     had two severe impairments, osteoarthrosis of bilateral knees and depressive disorder;[3]

(3)     had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)     had the physical residual functional capacity (RFC) to perform light work requiring her to occasionally balance, stoop, kneel, crouch, crawl, climb ramps, and climb stairs but not to climb ladders, ropes, or scaffolds,

        and

        had the mental RFC to perform simple tasks with routine supervision in a work environment requiring her to relate to supervisors and peers on a superficial work basis and adapt to routine workplace changes but not to meet mandatory fast-paced quota levels or relate to the general public;

(5)     was unable to perform any of her past relevant work, but could perform jobs that existed in significant numbers in the national economy such as final inspector, scale operator, and mail clerk; and thus

(6)     was not disabled between her alleged onset date, July 31, 2005, and the date she was last insured, December 31, 2010.

AR 15-27.

---

[3]     The ALJ noted Plaintiff "presently had additional diagnoses of lumbar radiculopathy and COPD; however, these occurred after date last insured." AR 16.

4

### 2. Appeals Council's findings.

The Social Security Administration's Appeals Council found no reason to review that decision, *see id.* at 1-5, "making [it] the Commissioner's final decision for [judicial] review." *Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

## II. Judicial review of a Commissioner's final decision.

### A. Review standard.

The court reviews a Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; see also *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

**B.    Consideration of pro se filings.**

When a claimant appears pro se, the court liberally construes the claimant's submissions. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Even so, "the court cannot take on the responsibility of serving as the claimant's attorney in constructing arguments and searching the record." *Velasquez v. Astrue*, 301 F. App'x 778, 780 (10th Cir. 2008) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**C.    Evaluation of allegations of error.**

The court evaluates a claimant's contentions in view of the Tenth Circuit's admonition that "perfunctory complaints fail to frame and develop an issue sufficient to invoke [ judicial] review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). The court is unable to address bare contentions made by a claimant who has failed to develop the factual and legal bases for her arguments. *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (declining to speculate on a claimant's behalf when argument on an issue is "insufficiently developed"). On judicial review "it is not [the court's] role to shore up [a claimant's] argument for h[er]." *Chrisman v. Colvin*, 531 F. App'x 893, 896 (10th Cir. 2013) (citation omitted).

## III.  Analysis.

On judicial review of the ALJ's decision in this case, the court considers what it liberally construes as Plaintiff's claims of error, beginning with the allegations in her complaint, followed by her assertions in the four filings she submitted after the court ordered a briefing schedule "to allow the parties to present their respective positions and legal authorities . . . ."  Doc. 20.[4]

### A.  Claims of error in Plaintiff's complaint.

In her initial pleading, Plaintiff describes the factual basis of her case and generally complains that the "ALJ . . . made several legal errors of law and failed to base his decision on substantial evidence in the medical records."  Doc. 1, at 1.  Applying a broad construction to the complaint, the court finds that it includes three possible claims that the ALJ failed to properly consider certain evidence.

First, Plaintiff points to various "medical opinion[s] or statements" including "treating source statements," and contends the ALJ "discredited" those statements.  *Id.*  But to the extent Plaintiff is attempting to challenge the ALJ's consideration of this evidence, she provides no support for her

---

[4]     *See* Doc. 30 (describing procedural history and resetting briefing schedule).

assertion that the ALJ committed, as she maintains, "a legal error[ ] of law [or] failed to base his decision on substantial evidence in the medical records." *Id.* Rather, Plaintiff simply states that the ALJ erred, and judicial review of this claim is not possible. *See Threet*, 353 F.3d at 1190 (declining to address "insufficiently developed" claims).

Similarly, Plaintiff contends the ALJ "failed to take into account or ignored limitations on Major depressive disorders, Social Security Standards requirement 12.04 and 12.06 satisfied by 'A' and 'B' that has lasted more than 12 continuous months." Doc. 1, at 2. This claim implicates the ALJ's finding that "[b]ecause [Plaintiff's] mental impairment did not cause at least two 'marked' limitations or one 'extreme' limitation, the 'paragraph B' criteria were not satisfied." AR 17. Broadly read, Plaintiff claims the evidence "clearly shows at least two 'marked' mental limitations or one 'extreme' limitations," Doc. 1, at 2, but she offers only her conclusion as support. Plaintiff, therefore, has failed to establish error.

Finally, Plaintiff alleges the "ALJ failed to follow Social Security Administration's law and regulations, which resulted in an Unfavorable decision . . . ." *Id.* at 3. She does not detail, however, just how the ALJ's decision ran afoul of any applicable law or regulation and, once again, judicial review of Plaintiff's conclusory and unsupported claim is not possible. *See*

*Threat*, 353 F.3d at 1190 (declining to address "insufficiently developed" claims).

Plaintiff has failed to demonstrate reversible error in her complaint.

**B.      Claims of error in Plaintiff's first brief.**

Here, Plaintiff directs the court to Defendant's answer to the complaint and contends "[t]he Commissioner concedes that the [ALJ] erred when determining the plaintiffs mental [RFC] by failing to explain adequately the basis for that determination and by failing to consider the opinion of a consultative p[s]yc[h]ologist. Therefore, further Administration processing are necessary for remand." Doc. 22. Plaintiff, however, admits the Commissioner's answer "denies all the plaintiff's allegations," *id.,* and the court's review of Defendant's answer, *see* Doc. 16, confirms that Defendant denied every allegation set out in Plaintiff's complaint.[5]

Plaintiff has failed to demonstrate reversible error in her first brief.

---

[5]      Plaintiff also acknowledges this in the motion for summary judgment she filed several days after submitting her first brief: "Defendant denies all plaintiff's allegations and ask[s] for judgment dismissing plaintiff's complaint." Doc. 24, at 1.

## C. Claims of error in Plaintiff's summary judgment motion.

Next, Plaintiff purports to seek summary judgment based on what she maintains are undisputed facts. *See* Doc. 24. But the court does not apply summary judgment standards on judicial review of a final decision by the Commissioner of Social Security. Instead, as previously noted, the court reviews a Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman*, 813 F.3d at 1330.

Given Plaintiff's pro se status, the court has liberally construed her statement of allegedly undisputed facts to determine if she claims legal or factual error in her miscast filing. Based on that review, the court finds Plaintiff does not raise any additional claims of error. Instead, Plaintiff simply concludes—contrary to the ALJ's determination—that "[t]hrough the date of last insured, [she] did have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, subpart P, Appendix 1," Doc. 24, at 1, and that she "was disabled under sections 216(i) and 223(d) of the Social Security Act through December 31, 2010, the last date insured." *Id.* at 2.

Plaintiff has failed to demonstrate reversible error in her motion for summary judgment.

**D.    Claims of error in Plaintiff's additional brief.**

In this brief, Plaintiff generally contends there are "inconsistenc[i]es throughout [the ALJ's] findings of fact." Doc. 31, at 1. Specifically, Plaintiff maintains "[t]he ALJ failed to consider [her] impairment(s) or combinations of impairments under 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526) before making his final decision." *Id.* The ALJ's decision shows otherwise. *See* AR 16-17.

Next, Plaintiff claims "[t]he ALJ also failed to consider [her] medical records through date last insured she was unable to perform any past relevant work (20 CFR-404.1565)." Doc. 31, at 1. The ALJ's decision again shows otherwise. After conducting a thorough review of the medical evidence, *see* AR 19-25, the ALJ specifically found that Plaintiff "would have been unable to perform her past work." *Id.* at 26.

Similarly, it is Plaintiff's position that the ALJ "ignored" the vocational expert's opinion that Plaintiff could not perform her past work. Doc. 31, at 1. As stated, however, the ALJ *agreed* that Plaintiff "would have been unable to perform her past work." AR 26.

Plaintiff also alleges that "[t]he ALJ gave very little weight to the treating physicians and psychologist opinion and did not give any specific

reason(s) why he discredited their opinions."  Doc. 31, at 1.  To the contrary, the ALJ found as follows:

> The treating source statements at Exhibit 5F dated June 23, 2008 and also at page 2 dated July 14, 2008, are for the purpose of requesting school accommodations and do indicate a benefit for working relatively alone, but otherwise do not limit employment. The physical therapy limitations at 7F are dated January 8, 2019, long after DLI.  Although the physical therapy history indicates an onset of January 8, 2007, the claimant testified that her condition has worsened since December 31, 2010, and these limitations are very recent and not relevant to the DLI of December 31, 2010.
>
> At Exhibit 3F, page 2, Discharge Summary dated May 14, 2010, shows diagnoses of depressive disorder; osteoarthrosis with chronic pain in bilateral knees and right hip.  The claimant was age 48 at that date.  An earlier progress note at Exhibit 4F, page 1, dated December 27, 2005, notes that the claimant recently had arthroscopic surgery (July 5, 2005, Exhibit 2F, page 571) on the left knee with restricted mobility of the left knee and compensatory pain of the right hip.  At Exhibit 3F, page 4, the claimant appears on April 4, 2018, with complaints of history of arthroscopy of knee joint; history of operative procedure on lumbar spinal structure in 2016; lumbar radiculopathy; benign hypertension; sciatica; arthralgia of hip; arthropathy of knee joint; foot pain; flat feet; chronic low back pain; muscle spasm; depressive disorder; osteopenia; chondromalacia of patella; anxiety; and, tobacco use disorder, all indicating that claimant condition worsened **after** the DLI of 12/31/10.

AR 25.  Plaintiff fails to explain how this analysis was erroneous or inadequate and "it is not [the court's] role to shore up [Plaintiff's] argument for h[er]." *Chrismon*, 531 F. App'x at 896.

Finally, Plaintiff contends "[t]he ALJ also acknowledged but disregarded the objective medical evidence of [her] mental and physical impairments as listed . . . ." Doc. 31, at 1-2. She then "list[s]," by exhibit numbers, *see id.* at 2, all 737 pages of the medical evidence of record, *see* AR 233-989, but she does not cite to a single piece of evidence that the ALJ allegedly disregarded. *See* Doc. 31, at 2. And the Court will not scour the 737 pages of medical records to find one. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of her contentions that have been adequately briefed for our review."); *Effinger v. Callahan*, No. 97-7001, 1997 WL 446724, at *2 (10th Cir. 1997) (holding that the Court "will not comb through the record where [Plaintiff] has not provided specific references tied to an argument").

Plaintiff has failed to demonstrate reversible error in her additional brief.

### E. Claims of error in Plaintiff's reply to the Commissioner's brief in support of the final decision.

Plaintiff's final filing in this matter, *see* Doc. 37, takes issue with various statements by the Commissioner in his brief in support of the final decision. *See* Doc. 36. Plaintiff disputes the Commissioner's contentions that she was briefly hospitalized for cocaine abuse, Doc. 37, at 1; that she had "stated her

condition(s) worsened after D.L.I.," *id.* at 2; and that she was claiming "the ALJ erred by not ordering a consultative examination . . . ." *Id.*

In addition, Plaintiff submits, once again, that "[t]he Commissioner's final decision . . . is not consistent with all the relevant regulatory criteria and case law and the proper legal standards and substantial evidence supporting his decision." *Id.* And, once again, she maintains that her "medical records speak for itself and strongly show evidence that meet or medically equal the requirements of Section 1.02 and 12.04 on or before DLI." *Id.* But, once again, Plaintiff offers only these conclusions as support.

Plaintiff has failed to demonstrate reversible error in her reply brief.

## IV. Conclusion.

Based on the above, the court affirms the Commissioner's decision.

ENTERED this 26th day of December, 2019.


SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE